IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREAT NORTHERN & SOUTHERN NAVIGATION CO., LLC dba FRENCH AMERICA LINE, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No.: |
| versus | )<br>)<br>) |
| AMERICAN CRUISE LINES, INC., | )<br>) |
| Defendant | ) |

## COMPLAINT

Great Northern & Southern Navigation Co., LLC, doing business as French America Line ("Plaintiff" or "French America Line"), files this Complaint seeking a declaratory judgment involving trade name and trademark rights against Defendant, American Cruise Lines, Inc. ("Defendant").  In support of its Complaint, Plaintiff states as follows:

### INTRODUCTION

1. This is an action for declaratory relief and related claims against Defendant arising from Plaintiff's use of the trade name French America Line and the service mark FRENCH AMERICA LINE for cruise ship and related services and Defendant's subsequent threat of a trademark infringement lawsuit, which threat created a reasonable apprehension that Plaintiff would be sued and which also created a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201 (declaratory judgment remedy), § 1331 (federal question), § 1332 (diversity of citizenship

1

and requisite amount in controversy), §1338(a) (trademarks), and 1338(b) (claims related to trademark claims).  The registered mark at issue that has been asserted by Defendant against Plaintiff is United States Trademark Registration No. 3,019,486 for the service mark AMERICAN CRUISE LINES as used to identify "cruise ship services; transportation of passengers by ship" (hereinafter sometimes referred to as "Defendant's Trademark").  The claims asserted herein are between citizens of different states, and the amount in controversy exceeds $75,000.00.

3. This Court has jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

4. On information and belief, Defendant is subject to the personal jurisdiction of this Court because Defendant's contacts with Louisiana are continuous and systematic.  In the alternative, Defendant is subject to the personal jurisdiction of this Court because: (1) Defendant purposely directed its activities toward Plaintiff, a resident of the forum state, and purposely availed itself of the privilege of conducting activities therein; (2) Plaintiff's cause of action arises out of or results from Defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in this case is reasonable, that is, permitted under the Constitutions and laws of Louisiana and of the United States and consistent with traditional notions of fair play and substantial justice so that exercise of specific jurisdiction in this case comports with due process.

5. Venue is proper under 28 U.S.C. § 1391.

## PARTIES

6. Great Northern & Southern Navigation Co., LLC, doing business as French America Line, (sometimes referred to herein as "French America Line") is a travel company specializing in small ship cruising along the inland waterways and rivers of the United States.  Great Northern & Southern Navigation Co., LLC, is a corporation organized under the laws of Louisiana with a principal place of business at 700 Churchill Parkway, Fairfield (Avondale) Louisiana, in Jefferson

Parish.

7. French America Line is new cruise line based in the Greater New Orleans area, that has advertised and marketed "Deluxe Voyages through America's Waterways," including the upcoming maiden voyage of the cruise ship *Louisiane*.

8. American Cruise Lines is a travel company specializing in small ship cruising along the inland waterways and rivers of the United States. American Cruise Lines is a corporation organized under the laws of Delaware with a principal place of business at 741 Boston Post Road, Suite 200, Guilford, Connecticut 06437.

9. American Cruise Lines offers cruises along the coast and harbors of Maine, the New England Islands (e.g., Nantucket, Martha's Vineyard), the Chesapeake Bay, the Hudson River, the Mississippi River, the Ohio River, the Columbia and Snake Rivers, and the coast and harbors of Alaska and the Southeastern United States.

## FACTS APPLICABLE TO ALL COUNTS

10. French America Line organized as a limited liability company in Louisiana in April 2014 with the goal of offering inland waterway cruises. To that end, French America Line purchased the 2000-built Columbia River cruise vessel *Columbia Queen* and is having her brought to Louisiana to be refitted and transformed into the French/New Orleans-themed *Louisiane*. Her maiden voyage is scheduled for August 2016.

11. On December 16, 2015, French America Line filed a service mark application (Serial No. 86851718) in the United States Trademark Office for FRENCH AMERICA LINE for the services "[p]assenger ship transport; [c]ruise ship services; [and] [b]oat cruises."

12. On April 11, 2016, French America Line filed a service mark application (Serial No. 86970767) in the United States Trademark Office for FRENCH AMERICA LINE

DELUXE VOYAGES THROUGH AMERICA'S WATERWAYS for cruise ship services.

13. On April 15, 2016, French America Line registered the Louisiana trade name and service mark for FRENCH AMERICA LINE for its cruise line business and cruise line services, respectively.

14. American Cruise Lines owns a registered United States service mark (Registration No. 3,019,486) for AMERICAN CRUISE LINES for use in connection with "cruise ship services; transportation of passengers by ship."

15. French America Line is of the opinion and belief that its use of the trade name and service mark FRENCH AMERICA LINE in connection with its cruise line and the related services offered by it is not likely to cause confusion or mistake in the minds of customers or potential customers of American Cruise Lines and, therefore, French America Line does not infringe any trademark or other rights of American Cruise Lines.

16. On April 11, 2016, American Cruise Lines, through its legal counsel, sent a cease and desist letter to French America Line, through its Chairman, Christopher Kyle, at the company's address in Louisiana. The cease and desist letter asserted rights under United States trademark law and demanded that French America Line "immediately (i) cease all use of names and trademarks FRENCH AMERICA LINE …, either alone or in connection with other wording; (ii) delete all references to FRENCH AMERICA LINE … from your company's web site …; and (iii) discard all printed materials, advertisements, and other materials bearing those names, if any." The letter also demanded that French America Line "abandon all pending applications for the tradename and mark FRENCH AMERICA LINE." The letter expressly reserved all of the rights and remedies of American Cruise Lines, and offered to agree to forego its claims for past infringement only if French America Line agreed

to the above cease-and-desist terms.

17. The cease-and-desist letter created in French America Line a reasonable apprehension that it would be sued for trademark infringement and also created a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief

## COUNT I

### Declaration that French America Line Does Not Infringe Any United States Trademark Rights of American Cruise Lines

18. Plaintiff hereby incorporates by reference and realleges each and every allegation of the Paragraphs above.

19. Plaintiff's trade name FRENCH AMERICA LINE and its service marks FRENCH AMERICA LINE and FRENCH AMERICA LINE DELUXE VOYAGES THROUGH AMERICA'S WATERWAYS to identify its cruise services are not confusingly similar to Defendant's trade name American Cruise Lines and/or Defendant's registered trademark AMERICAN CRUISE LINES.

20. Plaintiff's use of its trade name FRENCH AMERICA LINE and its service marks FRENCH AMERICA LINE and FRENCH AMERICA LINE DELUXE VOYAGES THROUGH AMERICA'S WATERWAYS is not likely to create confusion or mistake or to deceive consumers in this judicial district and elsewhere as to the origin, affiliation, connection, or association of Plaintiff's services.

21. Plaintiff's' conduct does not constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and does not constitute unfair competition and/or false association in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22.     Plaintiff is not liable for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is not liable for unfair competition and/or false association under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23.     Plaintiff is entitled to a judicial declaration that its use of its trade name and service marks does not infringe on any of Defendant's trademark or other federally-protected rights.

## COUNT II

### Declaration that French America Line Does Not Violate State Laws Regulating Deceptive Trade Practices

24.     Plaintiff hereby incorporates by reference and realleges each and every allegation of the Paragraphs above.

25.     Plaintiff's conduct, as described above, is unlikely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of its services and is unlikely to causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by Defendant.

26.     Plaintiff's conduct is unlikely to cause irreparable injury to Defendant because it is unlikely to lead purchasers to be confused, mistaken, or deceived as to the approval, certification, connection, sponsorship, or affiliation of the services advertised and sold by Plaintiff.

27.     Plaintiff is entitled to a judicial declaration that its use of its trade name and service mark does not violate state law regulating unfair or deceptive trade practices.

## COUNT III

### Declaration that French America Line Does Not Infringe any Rights under the Common Law of Unfair Competition

28. Plaintiff hereby incorporates by reference and realleges each and every allegation of the Paragraphs above.

29. Plaintiff's conduct, as described above, does not constitute unfair competition and/or trademark infringement under the common law of any state.

30. Plaintiff's conduct is unlikely to cause irreparable injury to Defendant and is unlikely to lead purchasers to be confused, mistaken, or deceived as to the approval, certification, connection, sponsorship, or affiliation of the services advertised and sold by Plaintiff.

31. Plaintiff is entitled to a judicial declaration that its use of its trade name and service mark does not violate state law regulating unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Great Northern & Southern Navigation Co., LLC, doing business as French America Line, prays that, after due proceedings are had, the Court enter a declaratory judgment in Plaintiff's favor and against Defendant, adjudging and decreeing that:

A. Plaintiff's trade name FRENCH AMERICA LINE and its service marks FRENCH AMERICA LINE and FRENCH AMERICA LINE DELUXE VOYAGES THROUGH AMERICA'S WATERWAYS to identify its cruise services are not confusingly similar to Defendant's trade name American Cruise Lines and/or Defendant's registered trademark AMERICAN CRUISE LINES;

B. Plaintiff's use of its trade name FRENCH AMERICA LINE and its service marks

7

FRENCH AMERICA LINE and FRENCH AMERICA LINE DELUXE VOYAGES THROUGH AMERICA'S WATERWAYS is not likely to create confusion or mistake or to deceive consumers in this judicial district and elsewhere as to the origin, affiliation, connection, or association of Plaintiff's services;

  C. Plaintiff's conduct does not constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and does not constitute unfair competition and/or false association under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

  D. Plaintiff's use of its trade name and service marks does not infringe on any of Defendant's trademark or other federally-protected rights;

  E. Plaintiff's conduct is unlikely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of its services and is unlikely to cause likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by Defendant;

  F. Plaintiff's conduct is unlikely to cause irreparable injury to Defendant and is unlikely to lead purchasers to be confused, mistaken, or deceived as to the approval, certification, connection, sponsorship, or affiliation of the services advertised and sold by Plaintiff;

  G. Plaintiff use of its trade name and service mark does not violate state laws regulating deceptive trade practices;

  H. Plaintiff's conduct does not constitute unfair competition and/or trademark infringement under the common law; and

  I. Plaintiff's use of its trade name and service mark does not violate state laws regulating unfair competition;

WHEREFORE, Plaintiff further prays that the Court issue a judgment ordering that Defendants, as well as all officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns of Defendants, and all persons in active concert or participation therewith, be preliminarily and permanently enjoined from threatening Plaintiff with trademark infringement, unfair competition, and false association, in connection with Plaintiff's use of its trade name and service marks; and

WHEREFORE, Plaintiff further prays that the Court award taxable costs, and also award reasonable attorneys' fees, including pursuant to 15 U.S.C. § 1117(a), and further prays that the Court order all other legal and equitable relief as the Court deems just and proper and to which Plaintiff is entitled under the facts and law.

## JURY DEMAND

French America Line respectfully demands a trial by jury of all matters to which it is entitled to a trial by jury pursuant to Fed. R. Civ. P. 38.

/s/ Michael D. Carbo
Michael D. Carbo (Louisiana Bar No. 3870)
1220 Pine Street
New Orleans, LA 70118
Telephone: (504) 458-7617
Facsimile: (504) 862-6672
Email: carbolaw@neosoft.com

April 18, 2016

Waiver of service is being requested pursuant to Rule 4(d)
of the Federal Rules of Civil Procedure.