UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREAT NORTHERN & SOUTHERN NAVIGATION          CIVIL ACTION
CO., LLC dba FRENCH AMERICA LINE

VERSUS                                                                                          No. 16-3278

AMERICAN CRUISE LINES, INC.                                                SECTION I

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, American Cruise Lines, Inc. ("American Cruise Lines"), to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted in part with leave to amend and denied in part.

### BACKGROUND

Plaintiff, Great Northern & Southern Navigation Co., LLC dba French America Line ("Great Northern"), intends to operate an inland waterway steamship cruise service in the United States under the trade name French America Line. To that end, Great Northern has purchased and is preparing to renovate a steamship,[2] applied for federal service marks for "FRENCH AMERICA LINE,"[3] registered for a Louisiana service mark for "FRENCH AMERICA LINE,"[4] and created a website advertising the French America Line steamship service.[5] Great Northern has even selected a macaron supplier—Ladurée—for its service.[6] The complaint alleges that the maiden

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 1, ¶ 10.  R. Doc. No. 9-5, at 11.
[3] R. Doc. No. 1, ¶¶ 10-13.
[4] R. Doc. No. 1, ¶ 13.
[5] R. Doc. No. 1, ¶ 16.
[6] R. Doc No. 9-1, at 7; *see also* R. Doc. No. 9-7, at 3.

steamship voyage is scheduled for late summer 2016, though defendants attach evidence to their reply brief that the precise date is now October 1, 2016.[7]

Defendant, American Cruise Lines, owns the service mark "AMERICAN CRUISE LINES".[8] After hearing of Great Northern's plan to offer cruises under the French America Line name, American Cruise Lines sent Great Northern's chairman a cease and desist letter in April 2016. The letter demanded that Great Northern:

> immediately (i) cease all use of name[] and trademark[] FRENCH AMERICA LINE . . . , either alone or in connection with other wording; (ii) delete all references to FRENCH AMERICA LINE . . . from your company's website, including but not limited to, references at www.frenchamericaline.com; and (iii) discard all print materials, advertisements, and other materials bearing th[at] name[], if any. We also demand that you expressly abandon all pending applications for the tradename and mark FRENCH AMERICA LINE. Provided that you agree to these terms, in the interest of resolving this matter amicably, American would agree to forego *claims for past infringement*.

R. Doc. No. 9-3, at 3 (emphasis added).

One week later, Great Northern filed this declaratory judgment action asking for declarations that:

- Great Northern's use of the French America Line "trade name and service marks does not infringe any of" American Cruise Line's "trademark or other federally-protected rights."[9]

- Great Northern's use of the French America Line "trade name and service marks does not violate state law regulating unfair or deceptive trade practices."[10]

---

[7] *Compare* R. Doc. No. 1, at 3 ("Her maiden voyage is scheduled for August 2016."), *with* R. Doc. No. 15-1, at 2 (suggesting that the first voyage will now be October 1, 2016, *and* that some of Great Northern's cruises have already sold out).
[8] R. Doc. No. 1, ¶ 14.
[9] R. Doc. No 1, ¶ 23.
[10] R. Doc. No. 1, ¶ 27.

2

- Great Northern's use of the French America Line "trade name and service marks does not violate state law regulating unfair competition."[11]

American Cruise Lines now moves to dismiss Great Northern's complaint on the grounds that the complaint does not present a sufficiently immediate and real controversy to be justiciable.

## LAW AND ANALYSIS

### A. Legal Standards

*(1) Facial vs. Factual Challenges*

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "At the outset [the Court] must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also* 5B Wright & Miller, Federal Practice and Procedure § 1350 (3d ed. 2013) ("As many judicial decisions make clear, a motion under Rule 12(b)(1) may be used to attack two different types of jurisdiction defects."). The Fifth Circuit has explained:

> A motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction on the face of the complaint. If so, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised—the court must consider the allegations in the plaintiff's complaint as true. But the two motions are treated quite differently when matter outside the complaint is the basis of the attack.

*Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981) (citation omitted). The court further explained by quoting the Third Circuit:

---

[11] R. Doc. No. 1, ¶ 31.

> The facial attack [on subject matter jurisdiction] does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 412-13 (quoting *Mortensen*, 549 F.2d at 891).

"The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* at 413.

Because American Cruise Lines's motion argues both that the allegations in the complaint are insufficient to establish jurisdiction, and that extrinsic evidence calls into question the allegations of the complaint, this Court will consider both the allegations in the complaint as well as the seemingly undisputed facts contained in the defendants' extrinsic evidence (which is largely just print outs of the French America Line websites and Great Northern's PR statements, and is not controverted by Great Northern in its brief) to determine whether there was an actual controversy between the parties on the date the complaint was filed.

### *(2) Actual Controversy Requirement*

Both Article III of the Constitution as well as the Declaratory Judgment Act require that a party seeking a declaratory judgment demonstrate that there is an actual controversy between the parties at the time the complaint is filed. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). To do so, a plaintiff must show that the dispute is "definite and concrete, real and substantial, and admit of specific relief through a decree of a conclusive character." *Id.*

4

As the Supreme Court has admitted, the cases analyzing the issue have not drawn "the brightest of lines." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Nonetheless, when examining whether the totality of the circumstances demonstrate an actual controversy relating to intellectual property allegations, courts appear to focus primarily on two interrelated issues.

First, in order to ensure that the federal courts are not impermissibly opining on "what the law would be on a hypothetical set of facts," the proposed product must be fixed "with respect to its potentially-infringing characteristics." *Vantage Trailers*, 567 F.3d at 748-49 (internal quotation marks omitted). However, *only* the potentially infringing aspects of the developing product needs to be fixed—the entire product need not be in final form. *Id.* at 750 (citing *Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996)).

Second, in order to ensure that the plaintiff has a concrete injury-in-fact traceable to the defendant's conduct, courts examine whether the plaintiff is taking meaningful ongoing steps to bring the product or service to market "such as producing prototypes or samples of the allegedly infringing products, soliciting business from and sending advertising to potential customers, or otherwise investing significant funds in preparation to produce the product." *Young v. Vannerson*, 612 F. Supp. 2d 829, 843-44 (S.D. Tex. 2009) (Rosenthal, J.); *see also MedImmune*, 549 U.S. at 128 n.8. However, again, an important caveat is in order: though a plaintiff is required to be making significant efforts to bring a product to market, that neither inexorably requires that the plaintiff have a product on sale nor that the plaintiff be under a reasonable apprehension of being sued. *See, e.g.*, *Klinger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 499 (7th Cir. 2014). Instead, the keystone of the inquiry is whether the defendant's assertion of legal rights is injuring the plaintiff by coercing the plaintiff into choosing between (1) ceasing ongoing conduct that the

5

plaintiff believes is lawful or (2) facing fiscal *or* legal repercussions. *See MedImmune*, 549 U.S. at 129-35.

### B. Application

#### *(1) Request for Declaration of Federal Trademark Rights*

The Court concludes that Great Northern can demonstrate a justiciable controversy because it can show (1) Great Northern has settled on a fixed trade name (as evidenced by Great Northern's frenchamericanline.com website, advertising, and service mark filings), (2) Great Northern has expended significant effort and funds in support of a well-defined steamship service whose launch—at least at the speed that the federal courts typically operate—is imminent,[12] and (3) American Cruise Lines's assertion of rights is harming Great Northern by forcing Great Northern to choose between "risk[ing] treble damages," *MedImmune, Inc.*, 549 U.S. at 134, or "abandoning its enterprise" and selecting another trade name, *id.* at 132. Accordingly, although American Cruise Lines objects that Great Northern has yet to finish renovating its steamboat, obtain federal service mark protection, and receive all the certificates that are necessary to operate a steamboat service, those are not necessary prerequisites to filing a declaratory judgment action seeking a declaration that Great Northern does not infringe American Cruise Lines's rights.

Particularly where an impending, well-defined service is already being advertised to the public under a particular trade name, the law does not require that Great Northern waste significant resources renovating a steamship—which presumably requires purchasing any number of items bearing the name "French America Line" as well as permanently engraving the name on any

---

[12] If the launch of the French American Line service suffers significant further delays, then American Cruise Lines is, of course, permitted to argue that the parties' dispute no longer presents an actual controversy. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393, 402 (1975) (indicating that the "general principles" of Article III jurisdiction requires a live controversy "throughout the entirety of the litigation").

6

number of surfaces—in order to seek a judicial declaration of its ability to use the French America Line trade name to run its upmarket, French-themed riverboat service.  The Court cannot help but note that American Cruise Lines's assertion in its demand letter that American Cruise Lines has a legal claim against Great Northern for "past infringement,"[13] is utterly incongruent with American Cruise Lines's present assertion that there is no actual controversy.  *See, e.g.*, *Uptown Grill, L.L.C. v. Shwartz*, 817 F.3d 251, 256 (5th Cir. 2016) (suggesting there is an actual controversy when "the alleged infringer is actively engaged in conduct that could constitute trademark infringement").

In addition to determining that Great Northern has demonstrated an actual controversy between the parties, the Court also concludes that it has the authority to grant declaratory relief, and that the discretionary factors set out in *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387-88 (5th Cir. 2003), favor the exercise of this Court's discretion to decide whether federal trademark law permits Great Northern to use the French America Line trade name.  Indeed, American Cruise Lines never argues otherwise.  Accordingly, the Court denies American Cruise Lines's motion to dismiss, for lack of subject matter jurisdiction, Great Northern's request for a declaratory judgment that the French America Line "trade name and service marks does not infringe any of" American Cruise Lines's "trademark or other federally-protected rights."[14]

### (2)     Requests for Declaration of State Law Rights

The Court, however, agrees with American Cruise Lines that Great Northern has not demonstrated an actual controversy with respect to its requests for declaratory judgments that (1) Great Northern's use of the French America Line "trade name and service marks does not violate state law regulating unfair or deceptive trade practice,"[15] and (2) Great Northern's use of the

---

[13] R. Doc. No. 9-3, at 3.
[14] R. Doc. No 1, ¶ 23.
[15] R. Doc. No. 1, ¶ 27.

French America Line "trade name and service marks does not violate state law regulating unfair competition."[16] In particular, the Court concludes Great Northern's declaratory judgment requests are so broadly worded—for example, they do not even specify which state's laws this Court is supposed to examine,[17] which is far from a trivial issue here given that the proposed Great Northern service will operate in multiple states[18]—that the complaint leaves the Court without the information the Court needs to ascertain whether there is an actual controversy. After all, this Court cannot simply issue a declaration that Great Northern's activities are permitted under some metaphysical "state law." Moreover, there may be an actionable controversy between Great Northern and American Cruise Lines under the laws of some states but not others.

Given that Great Northern has the "burden of establishing the existence of an actual controversy," *Val-Com Acquisitions Trust v. SunTrust Mortg. Co.*, 434 F. App'x 391, 392 (5th Cir. 2011), the Court is of the view that the better course is to dismiss Great Northern's second and third requests for a declaratory judgment with leave to amend so that Great Northern can file an amended complaint that sets out which state law controversies Great Northern is requesting that this Court resolve. Great Northern is on notice that any amended complaint should (1) specify the specific causes of action in specific states for which it is requesting a declaratory judgment, and (2) set out up-to-date factual allegations regarding the proposed steamship service.

---

[16] R. Doc. No. 1, ¶ 31.
[17] *E.g.*, R. Doc. No. 1, ¶ 29 (stating that "Plaintiff's conduct, as described above, does not constitute unfair competition . . . under the common law of *any state*." (emphasis added)).
[18] *See* R. Doc. No. 15-1 (noting planned visits to multiple states).

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that American Cruise Lines's motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Great Northern's request for a declaratory judgment that Great Northern's use of the French America Line "trade name and service marks does not violate state law regulating unfair or deceptive trade practice" is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that Great Northern's request for a declaratory judgment that Great Northern's use of the French America Line "trade name and service marks does not violate state law regulating unfair competition" is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that remainder of American Cruise Lines's motion is **DENIED.**

New Orleans, Louisiana, August 23, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE